

FILED

OCT 2 0 2020

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Oklahoma

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 20-MJ-372-JFJ |
| | ) | |
| JAMIE LEA KEAHBONE | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 14, 2020 _____ in the county of _____ Tulsa _____ in the

Northern District of Oklahoma, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 1151, 1152, 13, and 21 O.S. § 843.5(A) | Child Abuse in Indian Country |
| 18 U.S.C. §§ 1151, 1152, and 113(a)(3) | Assault with a Dangerous Weapon in Indian Country |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Bethany Morris, FBI
*Printed name and title*

by phone · JJ
Sworn to before me ~~and signed in my presence.~~

Date: 10-20-20

_____
*Judge's signature*

City and state: _____ Tulsa, OK _____

Jodi F. Jayne, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Bethany Morris, being duly sworn under oath, do hereby depose and state:

## AGENT BACKGROUND & INTRODUCTION

1.      I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant and make arrests.

2.      I, Bethany Morris, am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since August 2012, including five months of training at the FBI Academy in Quantico, Virginia. I am currently assigned to the Houston Division, temporarily on assignment to the Oklahoma City Division, Tulsa Resident Agency.  I have participated in the drafting and execution of complaints and search warrants during my career. In addition, I have received specialized training and gained experience in interview and interrogation techniques, arrest procedures, search warrant applications, evidence identification and collection, and various other criminal laws and procedures. As part of my duties as a Special Agent, I investigate federal criminal violations in Indian Country, to include assaults, and other violations of Title 18, United States Code, Sections 1151, 1152, and 13.

3.      The facts in this affidavit come from Your Affiant's personal observations, training and experience, and information obtained from other agencies and witnesses, including police reports prepared by the Broken Arrow Police Department and Department of Human Services reports and witness statements.

4.      This affidavit is intended to show merely that there is sufficient probable cause. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested Information, filed under seal, and does not set forth all of my knowledge about this matter.

5.      Based on Your Affiant's training and experience and the facts as set forth in this affidavit, there is probable cause to believe that JAMIE LEA KEAHBONE (DOB xx/xx/1980) has committed the crimes of *Child Abuse in Indian Country* in violation of Title 18, United States Code, Sections 1151, 1152, and 13 and Title 21, Oklahoma Statutes, Section 843.5(A), and *Assault with a Dangerous Weapon* in violation of Title 18, United States Code, Sections 1151, 1152, and 113(a)(3).

## SUMMARY OF THE OFFENSE

6.      At all times relevant to this Complaint, your affiant believes JAMIE LEA KEAHBONE to be a non-Indian.[1] The minor victim, L.K., according to the Wichita and Affiliate Tribes, is a member of Wichita and Affiliate Tribes, a federally recognized tribe.

7.      That the incident occurred in the vicinity of xxxx North Aster Avenue, Broken Arrow, Oklahoma (hereinafter "the residence"), within the bounds of the Creek Nation Indian Reservation, which is considered Indian Country as defined in Title 18, United States Code, Section 1151.

---

[1] L.K. reported to investigators that she believed KEAHBONE to be a member of the Pawnee Nation. KEAHBONE told responding officers that KEAHBONE is Pawnee; however, KEAHBONE stated she was not enrolled and does not have tribal citizenship. Your affiant confirmed with enrollment dispatch personnel at Pawnee Tribe and Wichita and Affiliate Tribes that KEAHBONE is not an enrolled member at those tribes.

8.      In the early morning hours of October 14, 2020, Broken Arrow Police

Department officers were dispatched to the vicinity of the 3500 block of West Kenosha

Street, Broken Arrow, Oklahoma in response to a report of child abuse. Upon arrival,

investigators made contact with L.K., a 14-year old minor female, who told officers she

needed a safe place to stay because her mother, KEAHBONE, had been physically

abusing her. The following paragraphs provide a summary of the incident as described by

L.K. to investigators on October 14, 2020, and during an FBI forensic interview on

October 15, 2020.

9.      L.K. stated that on or about October 14, 2020, at approximately 1:20 AM,

KEAHBONE had come home to the residence intoxicated and asked L.K. to sleep in the

bed with her. L.K. reported that when she refused, KEAHBONE began to punch L.K.

repeatedly. L.K. explained that KEAHBONE then dragged L.K. into a bedroom and

pushed KEAHBONE's arm against L.K.'s neck in order to pin L.K. to the bed.

10.      While KEAHBONE had her arm pressed against L.K.'s neck,

KEAHBONE continued to punch L.K. L.K. believes she (L.K.) lost consciousness while

KEAHBONE had her arm pressed against L.K.'s neck. L.K. reported that KEAHBONE

was still on top of her when she regained consciousness.

11.      L.K. told investigators that after L.K. regained consciousness,

KEAHBONE began to hit L.K. with a nearby lamp, and when L.K. attempted to crawl

away from KEAHBONE, KEAHBONE bit L.K. on the shoulder.

12.      L.K. reported that KEAHBONE then pushed L.K.'s legs apart, and L.K.

reported she believed KEAHBONE was going to "grab" her vagina. L.K. later explained

that she had seen KEAHBONE "grab" L.K.'s sister (N.K) in that way previously. L.K.

kicked KEAHBONE off of her. KEAHBONE then forced L.K. into the bathroom and

forced L.K. to bend backward over the tub. L.K. reported that KEAHBONE held L.K.'s

nose closed and poured water over L.K.'s face causing L.K. to struggle to breathe.

13.     At that point, L.K. agreed to sleep in the bed with KEAHBONE. Once in

bed, KEAHBONE continued to intermittently punch L.K. Later, When KEAHBONE told

L.K. to get out of the bed and look for KEAHBONE's keys and phone, L.K. used the

opportunity to get out of the house and call for help. L.K. stated that KEAHBONE has

physically hurt L.K. and her siblings multiple times throughout their childhood.

14.     Before 7:00 AM on October 14, 2020, Broken Arrow officers went to the

residence and made contact with KEAHBONE. KEAHBONE told officers she had been

in a physical altercation with L.K. because L.K. would not get out of KEAHBONE's bed.

Officers noted redness on KEAHBONE's right hand and some bruising on her arms.

KEAHBONE stated the injury to her hand happened after she accidentally hit the

headboard of her bed. Officers noted that KEAHBONE appeared intoxicated and

observed an odor of alcohol coming from KEAHBONE. KEAHBONE told officers, "this

is not the first time she's done this. I knew this kid would get me in trouble."

15.     On October 15, 2020, FBI also conducted a forensic interview of N.K. who

is a 15 year old minor female and L.K.'s sister. N.K. also lives at the residence. N.K.

stated that she saw and heard KEAHBONE hurting L.K. N.K. described hearing L.K.

screaming for help and for KEAHBONE to stop hitting her. N.K. explained that during

the assault KEAHBONE closed and locked the bedroom door so N.K. could not get into

the bedroom when the abuse was occurring in the bedroom. However, N.K. observed

KEAHBONE drag L.K. by the hair from KEAHBONE'S bedroom throughout the house.

N.K. stated that KEAHBONE told N.K. to get the baseball bat so KEAHBONE could hit

L.K. with it. N.K. did not bring the baseball bat.

16.     N.K. observed the broken lamp that KEAHBONE used to hit L.K. N.K.

stated she observed cuts on KEAHBONE's arm and bruising and bleeding on L.K.'s face

and body. N.K. also stated that KEAHBONE has been abusive to L.K. and herself

multiple times throughout their childhood.

## CONCLUSION

17.     Based on the information set forth in this affidavit, I submit there is probable

cause to believe that JAMIE LEA KEAHBONE has committed the crimes of *Child Abuse*

*in Indian Country* in violation of Title 18, United States Code, Sections 1151, 1152, and

13 and Title 21, Oklahoma Statutes, Section 843.5(A) and *Assault with a Dangerous*

*Weapon* in violation of Title 18, United States Code, Sections 1151, 1152, and 113(a)(3).


BETHANY MORRIS
Special Agent, Federal Bureau of Investigation


Subscribed and sworn to before me on the 20th day of October, 2020.

by
phone

JODI F. JAYNE
United States Magistrate Judge